

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

*Everett R. Witherell*
*Direct Dial: (215) 861-8327*
*Facsimile: (215) 861- 8618*
*E-mail Address: everett.witherell@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
(215) 861-8200

May 23, 2024

**VIA ELECTRONIC FILING**

Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
U.S. Courthouse
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

    Re:    United States v. Jameel Hickson, et al.
              Case Numbers: 21-1685/21-1707/21-1760/21-2902

Dear Ms. Dodszuweit:

      By letter dated May 22, 2024, counsel for appellant Hickson seeks to join in arguments made by appellant Blanding concerning the seizure of Blanding's cellular phones during a car stop. Counsel argues that "[i]f the Blanding phones are suppressed (as they should have been in the District Court) then the Mizzo text and testimony . . . about the phantom one pound meth deal should also be suppressed." Hickson waived these claims since he did not raise them in the district court and, in any event, he does not have standing to challenge the seizure of Blanding's cellular phones.

      "[I]t is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008) (quoting *United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005)). Moreover, Hickson does not have standing to contest the seizure. *Rawlings v. Kentucky*, 448 U.S. 98, 104-05 (1980); *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). A person is not permitted to make a vicarious claim of standing. To the contrary, it is well settled that one must show that it is his or her personal

expectation of privacy that has been violated, *United States v. Salvucci,* 448 U.S. 83, 86-87 (1980).

    Since Hickson waived the issue and also because he lacks standing to contest the seizure of Blanding's phones, this Court's ultimate ruling on this issue would have no effect as to Hickson.

Respectfully,

JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney


*/s Everett R. Witherell*
EVERETT R. WITHERELL
TIMOTHY M. STENGEL
Assistant United States Attorneys

cc: Troy Archie, Esquire
    Peter Goldberger. Esquire
    Lisa Mathewson, Esquire
    Robert Goldman, Esquire